UNITED STATES of America,
Appellee,

v.

Paul Dale ALLEN, Defendant–
Appellant.

Docket No. 01–1133.

United States Court of Appeals,
Second Circuit.

Oct. 10, 2002.

Gerald E. Bodell, Bridgeport, CT, for Appellant.

John A. Danaher III, United States Attorney, Shawn J. Chen, Assistant United States Attorney, New Haven, CT, for Appellee.

Present MINER, SOTOMAYOR and KATZMANN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from the United States District Court for the District of Connecticut (Janet Bond Arterton, *Judge*), it is hereby

ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

On August 20, 1999, Paul Dale Allen plead guilty to a one-count information that charged him with being an aggravated felon who illegally reentered the United States after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). The United States District Court for the District of Connecticut (Janet Bond Arterton, *Judge*) entered judgment and sentence under 8 U.S.C. § 1326(b)(2) on February 15, 2001. On appeal, Allen argues that the district court judgment should be reversed on two grounds: that his counsel had an actual conflict of interest when he pleaded guilty and that the district court misapplied the sentencing guidelines. We no find merit in either argument and affirm the district court's judgment.

■ Addressing appellant's argument that his counsel suffered an actual conflict of interest, we review the proceedings below *de novo*. *See United States v. Schwarz*, 283 F.3d 76, 90–91 (2d Cir.2002) (reviewing *de novo* whether the defendant's representation violated his Sixth Amendment right to effective counsel). In order to show an actual conflict of interest, appellant must demonstrate that "during the course of the representation, the attorney's and defendant's interests diverge with respect to a material factual or legal issue or to a course of action." *Id.* at 91 (quoting *Winkler v. Keane*, 7 F.3d 304, 307 (2d Cir.1993) (internal quotation marks omitted)). Although attorney Caldwell simultaneously represented appellant in his illegal reentry plea and his girlfriend Ms. Mitchell in her several wrongful seizure claims, this dual representation does not alone support appellant's argument. *See Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) (representing multiple parties not intrinsically a conflict). There is no indication that the interests of the appellant and Ms. Mitchell had diverged at this point; Ms. Mitchell did tell the police at the time of appellant's most recent arrest that appellant was a drug dealer, but that disclosure had no bearing on attorney Caldwell's ability to contest the elements of the illegal entry charge. *See* 8 U.S.C. § 1326(a) (criminalizing the reentry of a deported alien who has not obtained the consent of the Attorney General); 8 U.S.C. § 1326(b)(2) (enhancing sentence for aliens who committed an aggravated felony prior to deportation). Only at sentencing would Ms. Mitchell's potential testimony have been adverse to appellant's interests, and, on December 12, 2000, two months before sentencing, the district court granted attorney Caldwell's motion to withdraw.

■ Furthermore, to demonstrate that he is entitled to a reversal due to his attorney's alleged conflict of interest, ap-

pellant would have to demonstrate that the alleged conflict caused a lapse in representation. He cannot do so. A lapse requires a showing both that a plausible defense strategy existed but was ignored by counsel, and that this untried strategy implicated attorney's allegedly conflicting interest. *See United States v. Moree*, 220 F.3d 65, 69 (2d Cir.2000). Here, the alternative litigation strategies appellant suggests defense counsel foreswore below are either unrelated to the alleged conflict or are the very strategies defense counsel did in fact pursue.

Appellant claims that his counsel could have suggested that appellant challenge the November 1999 indictment—which did not include appellant's pre-deportation aggravated felony conviction, a necessary element for the potential 20–year prison term of 8 U.S.C. § 1326(b)(2)—under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), rather than plead to the August 2000 Information that expressly included this prior conviction. Not only is this alternative strategy unrelated to the alleged conflict of interest, it does not even represent a viable challenge. *Apprendi* expressly limited its holding to any fact "[o]ther than a fact of a prior conviction," *id.* at 490, and preserved the viability of *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (2000).

■ Appellant also asserts that the trial court misapplied the sentencing guidelines in refusing to grant a sixteen-day downward departure under U.S.S.G. § 5G1.3(b) for the time he served in state prison. Appellant is incorrect. While a district court's discretionary refusal to depart downward is usually unreviewable on appeal, misapplication of the sentencing guidelines is reviewable error. *United States v. Kalust*, 249 F.3d 106, 110 (2d Cir.2001). However, by its own terms, section 5G1.3(b) only applies to a prior term

of imprisonment that "resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense." U.S.S.G. § 5G1.3(b) (2001). Here, appellant's alleged crimes after reentry, for which he was being held in state prison, cannot be pertinent to the elements the district court considered in imposing appellant's federal sentence, namely unlawful reentry and conviction for an aggravated felony prior to deportation. Therefore, we lack jurisdiction to review the district court's denial of a downward departure.

We find the remainder of the appellant's arguments to be without merit and for these reasons, the order and judgment of the district court is AFFIRMED.